# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAYSON CARROLL, individually and on behalf of all persons similarly situated,** | Civil Action No.: |
| **Plaintiff,** | Complaint – Class/Collective Action |
| v. | **Jury Trial Demanded** |
| **NORTHEAST COMMUNITY CENTER FOR BEHAVIORAL HEALTH,** | |
| **Defendant.** | |

## CLASS/COLLECTIVE ACTION COMPLAINT

Plaintiff Jayson Carroll ("Plaintiff"), through his undersigned counsel, individually, and on behalf of all persons similarly situated, files this Collective Action Complaint ("Complaint") against Defendant Northeast Community Center for Behavioral Health ("Defendant"), seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*

Plaintiff's FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while his PMWA and common law claims are asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (FLSA collective action claims and Federal Rule 23 class action claims may proceed together in same lawsuit).

The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28

U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant conducts business in this District.

## PARTIES

4. Plaintiff Jayson Carroll is a citizen of Pennsylvania and resides in Philadelphia, Pennsylvania. Plaintiff worked for Defendant as a Blended Case Manager in Pennsylvania from February 2019 to June 2020. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented to be a plaintiff in this action. *See* Ex. A.

5. Defendant Northeast Community Center for Behavioral Health is a company with a principal office located at Roosevelt & Adams Ave., Philadelphia, PA 19124.

6. The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendant's officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of the Defendant.

7. During times relevant, Plaintiff Carroll was an employee of Defendant and is covered by the FLSA and the PMWA.

8. Defendant is an employer covered by the FLSA and the PMWA.

9. Defendant's annual gross sales exceed $500,000.

## COLLECTIVE AND CLASS DEFINITIONS

10. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and the following similarly situated persons:

> All current and former Blended Case Managers who were paid by Defendant in Pennsylvania during the applicable limitations period (the "FLSA Collective").

11. Plaintiff brings Counts II of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class:

> All current and former Blended Case Managers who were paid by Defendant in Pennsylvania during the applicable limitations period (the "Pennsylvania Class").

12. The FLSA Collective and the Pennsylvania Class are together referred to as the "Classes."

13. Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

14. Defendant, operating through a contract with the City of Philadelphia and overseen by the Community Behavioral Health a division of Philadelphia's Department of Behavioral and Intellectual Disability Services, provides various behavioral health services.

15. Defendant directly employs individuals who are paid a salary and hold the job title Blended Case Manager.

16. Defendant directly employed Plaintiff as Blended Case Manager and paid him a gross weekly salary of $540.00.

17. The Blended Case Manager position carries no managerial or supervisory responsibilities and does not require any involvement in or knowledge of Defendant's general business operations.

18. The Blended Case Manager position does not require a Bachelor or Master's Degree.

19. The Blended Case Manager position does not require specialized training.

20. Blended Case Mangers regularly work over 40 hours per week. For example,

Plaintiff would work 43-50 hours per week.

21. Plaintiff and other Blended Case Managers would routinely work through their lunch.

22. Defendant's management employees were aware and allowed Blended Case Managers to work off the clock.

### The Failure to Pay Blended Case Managers Is Willful

23. Defendant's actions in violation of the FLSA were or are made willfully in an effort to avoid liability under the FLSA.

24. Defendant has failed to make, keep and preserve records with respect to the Plaintiff and other Blended Case Managers sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by law. *See, e.g.,* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

25. Even though the FLSA and applicable state law requires that employees are paid for all time worked and overtime premium compensation for hours worked over 40 per week, Defendant did not pay Blended Case Managers, such as Plaintiff, for all hours worked.

26. Defendant knew or, absent its own recklessness should have known, that the Blended Case Managers were entitled to such pay.

27. Defendant has failed to pay Plaintiff and Blended Case Managers for all time worked and overtime compensation owed.

28. By failing to pay for all time worked and overtime compensation owed to Plaintiff and other Blended Case Managers, Defendant has acted willfully and with reckless disregard of

clearly applicable FLSA provisions.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

29. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the FLSA Collective as defined above.

30. Plaintiff desires to pursue his FLSA claim on behalf of all individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

31. Plaintiff and the FLSA Collective are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to Defendant's common business and payroll practices as described herein, and, as a result of such practices, have not been paid overtime compensation due as described herein. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation and payroll practices.

32. These similarly situated employees are known to Defendant, readily identifiable, and can be easily located through Defendant's business records.

33. Defendant employs and has employed many FLSA Collective members throughout the United States. These similarly situated current and former employees may be readily notified of this action through U.S. mail and/or other reasonable means, and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages, interest, attorney's fees, and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

34. All previous paragraphs are incorporated as though fully set forth herein.

35. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the Pennsylvania Class as defined above.

36. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

37. Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

38. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Pennsylvania Class members, including, without limitation: whether Defendant violated and continues to violate Pennsylvania statutory and common law through its policy or practice of not properly paying its Blended Case Managers for all hours worked, proper overtime compensation, denial of their meal breaks, and failure to include all non-discretionary bonuses in their regular rate of pay for overtime purposes.

39. Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways, without limitation: (a) Plaintiff is a member of the Pennsylvania Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class members.

40. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions

of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

41. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class members that would establish incompatible standards of conduct for Defendant.

42. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

43. Without a class action, Defendant would retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class. Plaintiff envisions no difficulty in the management of this action as a class action.

### COUNT I
### Violations of the FLSA
### (On Behalf of Plaintiff and the FLSA Collective)

44. All previous paragraphs are incorporated as though fully set forth herein.

45. The FLSA requires that covered employees be compensated for all hours worked

exceeding forty (40) in a workweek at a rate no less than one and one-half (1½) times the regular rate at which they are compensated (the "overtime wage"). *See* 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

46. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d).

47. Defendant is subject to the wage requirements of the FLSA because the Defendant is an "employer" under 29 U.S.C. § 203(d).

48. During all relevant times, Plaintiff and the FLSA Collective were covered employees entitled to the FLSA's above-described protections. *See* 29 U.S.C. § 203(e).

49. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

50. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek.

51. Defendant knowingly failed to compensate the Plaintiff and the FLSA Collective at a rate of one and one-half (1½) times for hours worked in excess of forty (40) hours per week.

52. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

53. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## COUNT II
## Violation of the Pennsylvania Minimum Wage Act
## (On Behalf of Plaintiff and the Pennsylvania Class)

54. All previous paragraphs are incorporated as though fully set forth herein.

55. The PMWA requires that covered employees be compensated for all hours worked. *See* 43 P.S. § 333.104(a) and 34 PA. CODE § 231.21(b).

56. The PMWA also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular hourly rate at which he or she is employed. *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

57. Defendant is subject to the overtime requirements of the PMWA because Defendant is an employer under 43 P.S. § 333.103(g).

58. Plaintiff and the Pennsylvania Class are not exempt from the PMWA.

59. During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

60. Defendant's compensation scheme that is applicable to Plaintiff and the Pennsylvania Class failed to comply with 43 P.S. §§ 333.104(a) and (c), 34 PA. CODE §§ 231.1(b) and 43(b).

61. Defendant failed to compensate Plaintiff and the Pennsylvania Class for all hours worked. *See* 34 PA. CODE § 231.41(b).

62. Defendant failed to compensate Plaintiff and the Pennsylvania Class at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

63. Pursuant 43 P.S. § 333.113, employers, such as the Defendant, who fail to pay an

employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

    a. An order certifying this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

    c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

    d. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

    e. Compensatory, consequential, general, special, and liquidated damages to the fullest extent permitted under the law;

    f. Civil penalties to the fullest extent permitted under the law;

    g. Injunctive relief to the fullest extent permitted under the law;

    h. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    i. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: March 17, 2021

Respectfully submitted,

*/s/ Ryan A. Hancock*

Ryan Allen Hancock
Attorney I.D. No. 92590
Jessica Brown
Attorney I.D. No. 87322
Willig, Williams & Davidson
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Tel.: (215) 656-3600
Fax: (215) 567-2310
rhancock@wwdlaw.com

*Attorneys for Plaintiff and the Proposed Pennsylvania Class*