IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAYSON CARROLL, *individually and on behalf of all persons similarly situated*,<br><br>*Plaintiffs,*<br><br>v.<br><br>NORTHEAST COMMUNITY CENTER FOR BEHAVIORAL HEALTH,<br><br>*Defendant.* | CIVIL ACTION<br>NO. 21-01288 |

**PAPPERT, J.**                                                                                          **October 14, 2022**

**MEMORANDUM**

  Jayson Carroll worked as a Blended Case Manager for Northeast Community Center for Behavioral Health from February of 2019 to June of 2020. (Am. Compl. ¶ 4, ECF 1.) Carroll, on behalf of himself and other similarly situated Blended Case Managers, sued Northeast Community Center asserting a collective action under the Fair Labor Standards Act and a class action under the Pennsylvania Minimum Wage Act for unpaid overtime wages. (Am. Compl. ¶¶ 10–11.) Blended Case Managers regularly worked over 40 hours per week without receiving the overtime compensation the statutes require. (Am. Compl. ¶¶ 20–21).

  After three settlement conferences with Magistrate Judge Hey, the parties reached agreement. (Mem. Supp. Pls.' Mot. Preliminary Approval of Settlement 1, ECF 39-5.) Carroll now moves for the Court's preliminary approval of the proposed Settlement. The Court denies the motion without prejudice because the Agreement's releases as to Carroll are overly broad.

1

I

A district court will approve an FLSA settlement if it is a reasonable compromise of contested issues and not merely a waiver of statutory rights caused by the employer's overreaching. *Solkoff v. Pennsylvania State Univ.*, 435 F. Supp. 3d 646, 652 (E.D. Pa. 2020) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see Lyons v. Gerhard's Inc.*, No. 14-06693, 2015 WL 4378514, at *3 (E.D. Pa. July 16, 2015) ("Courts play an important role in ensuring that plaintiffs in FLSA lawsuits do not effectively waive their statutory rights.")  The agreement must (1) settle a *bona fide* dispute, (2) be fair and reasonable to the employees and (3) further the FLSA's enforcement in the workplace.  *Howard v. Phila. Hous. Auth.*, 197 F. Supp. 3d 773, 777 (E.D. Pa. 2016).

A

A *bona fide* dispute is resolved "where the settlement's terms reflect a reasonable compromise over issues, such as back wages, that are actually in dispute." *Howard*, 197 F. Supp. 3d at 777 (internal quotation and citation omitted).  "In other words, for a *bona fide* dispute to exist, the dispute must fall within the contours of the FLSA and there must be evidence of the defendant's intent to reject or actual rejection of that claim when it is presented." *Id.* (quotation and citation omitted).

Here, the Agreement resolves a *bona fide* dispute.  Northeast Community Center denied Carroll's allegations in its Answer and continues to deny all liability in the Agreement.  (Settlement Agreement ¶ 19, 39-1); *see Rubbo v. Peoplescout, Inc.,* No. 16-4903, 2017 WL 2010311, at *2 (E.D. Pa. May 11, 2017) (finding defendant's denial of liability in its answer and subsequent settlement agreement as evidence of a *bona fide* dispute).

B

In determining whether a settlement amount is fair and reasonable, courts consider many factors, including the costs and benefits of settling versus going to trial, the occurrence of arms-length negotiations and the size of the settlement amount in view of the plaintiffs' claimed damages. *See Girsh v. Jepson*, 521 F.2d 153, 156–57 (3d Cir. 1975); *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 532 (E.D. Pa. 2016).

This Agreement is fair and reasonable. The parties engaged in three rounds of settlement conferences, and Carroll demonstrates he weighed the uncertainty of a trial and the cost of continued litigation as he negotiated the Agreement. (Mem. Supp. Pl.'s Mot. Preliminary Approval at 12, ECF 39-5.) Furthermore, the net settlement amount of $182,000, which will be distributed among the class members, "represents 83 percent of Class Counsel's calculations of unpaid wages owed using the most favorable assumptions that each Blended Case Manager worked approximately five (5) hours of overtime per work week." (*Id*. at 2.) These calculations derive from the exchange of payroll data and modeling conducted under Magistrate Judge Hey's supervision. (*Id*.)

The attorneys' fee award of up to one-third of the Gross Settlement Amount of $300,000 and a payment of no more than $3,000 to cover out-of-pocket costs incurred by Class Counsel is also fair and reasonable. (Settlement Agreement ¶ 23(q), 39-1); s*ee Howard*, 197 F. Supp. 3d at 780–81 (approving attorney's fees of 32.4 percent of the total settlement and explaining that "fee awards for common fund cases generally range from 20–45% of the fund").

C

Congress enacted the FLSA to "combat unequal bargaining power between employers and employees." *Gravely v. PetroChoice, LLC*, No. 19-5409, 2022 WL 2316174, at *3 (E.D. Pa. June 28, 2022) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). The Agreement requires Carroll to release existing and potential claims and causes of action that go well beyond the legal and factual basis of Carroll's Complaint. *See Howard,* 197 F. Supp. 3d at 779. Specifically, Carroll must release Northeast Community Center from all claims he may have, "including without limitation" any claims he may have brought in this action, "as well as any claims, whether in law or equity, known or unknown, against Released Parties relating to Named Plaintiff's employment," including those arising under numerous other state and federal statutes. (Settlement Agreement ¶ 28, ECF39-1.) This frustrates the FLSA's purpose and allows Northeast Community Center to take advantage of its superior bargaining power by binding Carroll to an overly broad release. *See Gravely*, 2022 WL 2316174 at *3 (citing *Bettger v. Crossmark, Inc.*, No. 13-2030, 2015 WL 279754, at *8 (M.D. Pa. Jan. 22, 2015)).

In any amended submission, in addition to narrowing the release language, the Service Award listed in Section 3 of the Notice of Settlement ($3,000) (ECF 39-2) should be corrected to conform with the amount listed in the Settlement Agreement ($15,000) (ECF 39-1).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

4