IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAYSON CARROLL, individually and on behalf of all persons similarly situated,  *Plaintiffs,*  v.  NORTHEAST COMMUNITY CENTER FOR BEHAVIORAL HEALTH,  *Defendant.* | CIVIL ACTION  NO. 21-01288 |

## ORDER AND JUDGMENT

**AND NOW**, this 14th day of April 2023, upon consideration of Plaintiffs' Motion for Final Approval of the Settlement Agreement (ECF 46), Plaintiffs' Motion for Attorneys' Fees and Costs (ECF 45), and for the reasons discussed below and on the record at the final approval hearing (ECF 47), it is hereby **ORDERED** that both Motions are **GRANTED**.

The Court hereby **ENTERS FINAL JUDGMENT,** and the case is **DISMISSED WITH PREJUDICE** in accordance with the terms of the Settlement Agreement. The Clerk of the Court is ordered to enter this Final Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

1. After thoroughly examining the Settlement Agreement in Plaintiffs' First Motion for Preliminary Approval (ECF 39), the Court denied that Motion because of its overly broad release language. (ECF 40, 41). After the Parties altered the release language in accordance with the Court's Order, they submitted a second Motion for Preliminary Approval (ECF 42), which the Court granted (ECF 44), finding the Settlement fair, reasonable and adequate.

   The Parties' Settlement Agreement is now approved as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e) and the factors enumerated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) as discussed during

the final approval hearing (ECF 47). Jayson Carroll and class counsel have adequately represented the class; the settlement was negotiated at arm's length; the relief for the class members is adequate when considering the costs, risks and delay of further litigation, the effectiveness of distributing relief to the class and the attorneys' fee award; and the proposal treats all class members equitably relative to each other. Each member receives a *pro rata* share of the net settlement amount based on the number of weeks worked consisting of four or more days between March of 2018 and March of 2022. *See* Fed. R. Civ. P. 23(e).

As further evidence that the settlement is fair, reasonable and adequate, the Parties only reached agreement after three mediation sessions before Magistrate Judge Hey. The Parties conducted sufficient discovery, the proponents of this settlement are experienced in this type of litigation, and no class members objected. *See In re Cendant Corp. Litig.,* 264 F.3d 201, 232 n. 18 (3d Cir. 1998).

The Agreement is also a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act.

2. The Court certifies the following Settlement Class as a collective pursuant to 29 U.S.C. § 216(b):

   > All current or former Blended Case Managers who were employed by Defendant Northeast Community Center for Behavioral Health between March 17, 2018 through March 17, 2022;

3. The Court certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

   > All current or former Blended Case Managers who were employed by Defendant Northeast Community Center for Behavioral Health in Pennsylvania between March 17, 2018 through March 17, 2022;

4. The Court finds that the requisites for establishing class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(3) with respect to the Settlement Class Members are met with respect to numerosity, commonality, typicality, and adequacy, and that questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Court further finds that the proposed Settlement Class is similarly situated such that certification of a collective is appropriate under 29 U.S.C. § 216(b);

5. For the reasons stated in the motion papers and discussed at the final approval hearing, Plaintiff Jayson Carroll is approved as Representative of the Settlement Class and the proposed service award in the amount of $15,000 to Carroll for his service to the Class is approved;

6. Willig, Williams, & Davidson is approved as Class Counsel for the Settlement Class;

7. The dissemination of the Settlement Notice was accomplished as directed and met the requirements of due process;

8. Having considered the factors set forth in *Gunter v. Ridgewood Energy Corp.* 223 F.3d 190, 195 n1. (3d Cir. 2000), having conducted a lodestar cross-check and for the reasons discussed at the final approval hearing, Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Costs (ECF 45) is granted, and payment of attorneys' fees in the amount of $100,000.00 and costs in the amount of $1,658.44 are approved;

9. The Settlement funds are to be distributed in accordance with the terms of the Settlement Agreement (ECF No. 42-1), and the distribution plan is also fair, reasonable and adequate;

10. Without affecting the finality of this Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the named Plaintiffs, the certified classes, and Defendants for purposes of supervising the implementation and enforcement of the Settlement Agreement, this Order, and all settlement administration matters.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.